```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANTONIO MCCOY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 14-3643 (JBS/AMD) |
| MORTGAGE SERVICE CENTER | |
| Defendant. | **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court on pro se Plaintiff Antonio McCoy's Motion to Amend [Docket Item 21] and Motion for Injunctive Relief [Docket Item 27]. Plaintiff seeks to enjoin Defendant Mortgage Service Center from foreclosing on the home he bought with his ex-wife, LaAngela McCoy, asserting that Defendant's foreclosure action violates his due process rights. Because Plaintiff has no right of action under the Fifth Amendment against Defendant, a private entity, the Court will deny his motion to amend and motion for injunctive relief. The Court finds as follow:

1. Plaintiff filed a Complaint, styled as a Motion for Injunctive Relief, against Defendant Mortgage Service Center, also known as PHH Mortgage,[1] on June 6, 2014, seeking to prevent

---

[1] Defendant asserts that the correct party name is PHH Mortgage Corporation, not Mortgage Service Center. (Def. Opp'n to Mot. to

the foreclosure of his home after Plaintiff's ex-wife defaulted on a $90,000 mortgage serviced by Defendant. Plaintiff's ex-wife, LaAngela McCoy, is the only obligor on the loan. Plaintiff's single claim against Defendant is for denial of due process in violation of the Fifth and Fourteenth Amendments; he claims that Defendant refused to provide Plaintiff with information regarding the loan or the foreclosure because he was not the borrower. (Compl. [Docket Item 1] ¶¶ 11-13.) He seeks an injunction against foreclosure "until Mortgage Service gives [Plaintiff] information about the loan of his home so he can prevent foreclosure." (Id. ¶ 16.)

2. Defendant filed an answer on August 7, 2014. On January 7, 2015, Plaintiff moved to dismiss the Complaint [Docket Item 17], without objection from Defendant [Docket Item 18], and the Court granted Plaintiff's motion shortly thereafter [Docket Item 19]. Approximately one month later and approximately eight months after the filing of his Complaint, Plaintiff filed a "Motion to Amend his present motion pending in this court a motion requesting the court to reinstate his Motion for Injunctive Relief . . . ." (Mot. to Amend [Docket Item 21] at 1.) In his Motion to Amend, Plaintiff argues that PHH Mortgage does not have standing to foreclose on his home because

---

Amend [Docket Item 25] at 1.) The Court will subsequently refer to Defendant as "PHH Mortgage."

the mortgage Note identifies Plaintiff's property as 4813 Ocean Gateway, Vienna, MD, which Plaintiff claims is a wooded lot adjacent to Plaintiff's home, rather than 4807 Ocean Gateway, which Plaintiff alleges is the actual address for his house. In support of his argument, Plaintiff attaches a letter from the Dorchester Planning and Zoning Office stating that the 911 emergency services address for Plaintiff's home is 4807 Ocean Gateway. (Mot. to Amend Ex. A.) He asks the Court to "grant his Motion for Injunctive Relief and any other relief this court deems just, fair and proper." (Id. at 3.) Plaintiff additionally explains in his reply brief to his Motion to Amend that after he filed his Complaint, the parties entered into a proposed settlement agreement with certain unspecified terms. Plaintiff dismissed his Complaint as part of the agreement but was now moving to reinstate his case because "defendants intentionally refuse[d] to hold their end of the bargain." (Reply to Mot. to Amend [Docket Item 26] at 2.) He also asserts in his reply that Defendant "induced him into signing the note agreement contract and other documentation relevant to the loan," and "made an untrue statement of fact by placing 4813 Ocean Gateway a wooded lot as to secure the loan on the note and all other documentation which induced plaintiff to enter into the loan contract," in violation of the Misrepresentation Act of 1967. (Id. at 3.)

3.   In June 2015, Plaintiff filed a "Motion Requesting the Court for an Expeditious Order of Injunctive Relief." (Mot. for Inj. Relief [Docket Item 27].) Plaintiff's motion largely reiterated the allegations in his Complaint and Motion to Amend, and again asserted a denial of Plaintiff's "right to property and due process of law pursuant to the U.S. Constitution's Fifth Amendment." (Id. ¶ 22.)

4.   The Court will first address Plaintiff's Motion to Amend. Federal Rule of Civil Procedure 15(a)(1) permits a plaintiff to amend his pleading as a matter of right 21 days after service of the pleading or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Because Plaintiff filed his Amended Complaint six months after Defendants' Complaint was served on Plaintiff, Plaintiff is not entitled to amend his Complaint as a matter of course. Instead, Plaintiff is permitted to amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although "[t]he court should freely give leave when justice so requires," id, the decision to grant leave to amend a complaint rests within the sound discretion of the trial court. Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party; or (b) the

4

amendment would be futile. Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). In assessing "futility," the court applies the same standard of legal sufficiency as applies under Fed. R. Civ. P. 12(b)(6). Shane, 213 F.3d at 115. In other words, the amended complaint must be dismissed if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff has failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted).

    5.    Plaintiff's only claim is that Defendant Mortgage Service Company violated his due process rights under the

5

Constitution.² It is axiomatic that "most rights secured by the Constitution are protected only against infringements by governments." Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978). While the Due Process Clause of the Fifth and Fourteenth Amendments provide protection against unlawful deprivations of property by the state or federal government, it offers no shield against "private conduct, 'however discriminatory or wrongful.'" Jackson v. Metro. Edison Co., 419 U.S. 345, 349 (1974) (quoting Shelley v. Kraemer, 335 U.S. 1, 13 (1948)).

6. Plaintiff's Complaint alleges only that Defendant "is a mortgage company located in Mount Laurel, New Jersey." (Compl. ¶ 2.) Plaintiff makes no allegations that Defendant is a government actor or that Defendant acted at the direction of the state or federal government. Instead, Plaintiff argues that "[t]he constitution is applicable to all times, all people and places." He argues that Defendant "may well not be a state

---

² Because the Constitution provides no direct cause of action, the Court construes Plaintiff's claim as one under § 1983 or Bivens. Individuals whose constitutional rights are violated must bring a case under 42 U.S.C. § 1983 or Bivens. 42 U.S.C. § 1983 provides a cause of action against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected" any person to the deprivation of any right protected by federal law or the United States Constitution. While § 1983 provides a cause of action against individuals acting under color of state authority, Bivens is the federal equivalent of § 1983, and provides a cause of action against the federal government.

6

actor," but even so, Defendant "does not have the authority to deprive plaintiff of his property without due process of law." (Reply to Mot. to Amend at 5.)

7. The Court cannot agree. Although as a factual matter any entity with sufficient power may deprive a person of his property, "only a State or a private person whose action 'may be fairly treated as that of the state itself' may deprive him of 'an interest encompassed within the Fourteenth Amendment's protection.'" Id. at 157 (quoting Jackson, 419 U.S. at 349 and Fuentes v. Shevin, 407 U.S. 67, 84 (1972)); see also Lugar v. Edmonson Oil Co., Inc., 457 U.S. 922, 924 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may fairly be characterized as 'state action.'"). Similarly, the Fifth Amendment's Due Process Clause "appl[ies] to and restrict[s] only the Federal Government and not private persons," and does not act against a private company. Pub. Utils. Comm'n of D.C. v. Pollak, 343 U.S. 451, 461 (1952). Because Defendant, a mortgage servicing company, appears to be a private entity and Plaintiff has not alleged that Defendant is a state actor or acted with governmental authority, Plaintiff has no cause of action against Defendant for a violation of the Due Process Clause.

8. Plaintiff's proposed Amended Complaint[3] does not correct this deficiency. Plaintiff asserts that the address contained in the mortgage note is not the address for Plaintiff's house but rather for a wooded property adjacent to Plaintiff's house, and that Defendant therefore has no authority to foreclose on Plaintiff's home. The Amended Complaint, however, does not assert any new causes of action, add state entities as defendants, or contain new allegations giving rise to a reasonable inference that Defendant acted at the direction of the state or federal government.

9. Nor does Plaintiff's reply brief to his Motion to Amend provide any new bases for suit. Plaintiff makes a new argument in his reply that Defendant "induced" Plaintiff into entering into a mortgage by misrepresenting in the mortgage note that the mortgage was for the wooded lot next to Plaintiff's home, in violation of the Misrepresentation Act of 1967. The Misrepresentation Act of 1967, however, is U.K. law and does not provide a right of action for Plaintiff. See Int'l Fund Mgmt. S.A. v. Citigroup Inc., 822 F. Supp. 2d 368, 388 (S.D.N.Y. 2011) (discussing the Misrepresentation Act of 1967 as part of

---

[3] Although Plaintiff did not attach a proposed Amended Complaint to his Motion to Amend, the motion itself contains additional allegations and seeks to amend the original Complaint. The Court therefore construes Plaintiff's Motion to Amend as a Proposed Amended Complaint.

plaintiffs' U.K. law claims). To the extent Plaintiff asserts a claim of fraud, Plaintiff must plead those allegations with particularly pursuant to Fed. R. Civ. P. 9(b). Fraud under Rule 9(b) "requires a plaintiff to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his [or her] damage." In re Supreme Specialties, Inc. Securities Litig., 438 F.3d 256, 270 (3d Cir. 2006) (quoting Shapiro v. UJB Fin. Corp., 964 F.2d 272, 284 (3d Cir. 1992)); see also Banco Popular N. Am. v. Gandi, 876 A.2d 253, 260 (2005) (reciting elements of common law fraud).

10. Nothing in the facts gives rise to a plausible inference that Defendant knowingly made a material misrepresentation in the mortgage documents about the property that is the subject of the mortgage, or that Plaintiff believed he was executing a mortgage on the wooded lot adjacent to his house. First, the fact that Plaintiff has a letter from the County and Board Office identifying the address of his house for emergency services as 4807 Ocean Gateway rather than 4813 Ocean Gateway does not by itself create a plausible inference that the executed mortgage was only for the wooded lot. The Deed of Trust shows that while the mortgaged property is identified as 4813

9

Ocean Gateway in the mortgage documents, that address actually encompasses two parcels of land, according to the metes and bounds description referenced in Schedule A. (See Schedule A to Deed of Trust, Ex. 2 to Def. Opp'n to Mot. to Amend [Docket Item 25-1].) Importantly, Plaintiff does not contest that the metes and bounds property description is only for the wooded lot. Moreover, in Plaintiff's original Complaint, he specifically acknowledges that the mortgage held by Defendant was a mortgage on his house, and that the mailing address on the mortgage documents, 4813 Ocean Gateway, was the "mailing address of borrower." (Compl. ¶¶ 6, 10.) In short, Plaintiff has failed to allege with sufficient specificity pursuant to Fed. R. Civ. P. 9(b) that Defendant falsely represented a material fact upon which Plaintiff relied when he entered into the mortgage agreement. Because the Amended Complaint still fails to state a claim upon which relief may be granted, the Court must consequently deny Plaintiff's Motion to Amend.

11. The Court will also deny the Plaintiff's Motion for Injunctive Relief. Plaintiff's motion largely reiterates the same facts in his Complaint and Motion to Amend and does not seek any new relief. Rather, Plaintiff's motion asks this Court to "expeditious[ly] rule" on his pending motion and Complaint "because PHH Mortgage and Jeffrey B. Fisher has filed with the local court Notice of Foreclosure." (Mot. for Inj. Relief ¶ 18.)

To secure the extraordinary relief of a preliminary injunction, the moving party must demonstrate that (1) he has a likelihood of success on the merits, (2) he will suffer irreparable harm if the injunction is denied, (3) granting preliminary relief will not result in even greater harm to the nonmoving party, and (4) the public interest favors such relief. <u>Rogers v. Corbett</u>, 468 F.3d 188, 192 (3d Cir. 2006) (internal quotations and citations omitted). "All four factors should favor preliminary relief before the injunction will issue." <u>S & R Corp. v. Jiffy Lube Intern., Inc.</u>, 968 F.2d 371, 375 (3d Cir. 1992). Plaintiff has not shown that he has satisfied any of these factors, and, as already explained above, has not demonstrated any plausible claim for relief.

    12. For the foregoing reasons, the Court will deny Plaintiff's Motion to Amend and deny Plaintiff's Motion for Injunctive Relief. An accompanying order will be entered.

| | |
|---|---|
|  **September 18, 2015**  <br> Date |  **s/ Jerome B. Simandle**  <br> JEROME B. SIMANDLE <br> Chief U.S. District Judge |